**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VALERIE HOLMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19cv00109 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant, The Lincoln National Life Insurance Company ("Defendant") hereby removes the Petition filed by Plaintiff Valerie Holmes ("Plaintiff") in the 152nd District Court of Harris County, Texas as follows:

**FACTUAL BACKGROUND**

Plaintiff filed a petition on September 21, 2018, and an amended petition on November 14, 2018, in an action entitled *Valerie Holmes v. Lincoln National Life Insurance Company,* in the 152nd District Court of Harris County, Texas; Case No. 2018-66495 (the "State Action"). Copies of Plaintiff's Petition, Amended Petition, any other pleadings or orders on file in this action, and all documents required by Local Rule 81 are attached hereto. Defendant was served with process in the State Action through its registered agent on December 20, 2018, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

This action is removed to this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332 and removable to this

Court under 28 U.S.C. § 1441. Specifically, Defendant is incorporated in Indiana and has its principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Amended Petition, is a resident of Texas,[1] and as described in detail below, the amount in controversy is in excess of $75,000.

The Amended Petition in the State Action asserts that Plaintiff made a timely application for benefits[2] for waiver of premium benefits and monthly long term disability payments from a disability plan underwritten by Defendant[3] and that such monthly benefits remain payable until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.[4] Plaintiff's Amended Petition includes causes of action of breach of contract, violations of Texas Insurance Code and Deceptive Trade Practices Act, breach of good faith and fair dealing, fraud, prompt payment of claim, and statutory interest. By the State Action, Plaintiff seeks to recover from Defendant disability benefits in the amount of $2,124.04 per month[5] (presumably until Plaintiff turns 65),[6] along with punitive damages, pre- and post-judgment interest, attorney's fees, costs of suit and expenses incurred.[7]

**Past Benefits and Other Damages Claimed**

On its face, the Amended Petition seeks damages from Defendant that greatly exceed the $75,000 amount in controversy threshold. In the Amended Petition, Plaintiff states that she received long term disability benefits from the Plan but that her benefits were terminated pursuant

---

1 Amended Petition at ¶ 4.
2 Amended Petition at ¶ 15.
3 Amended Petition at ¶ 15.
4 Amended Petition at ¶ 103.
5 Amended Petition at ¶ 19.
6 Plaintiff alleges she has been and remains totally disabled (Amended Petition at ¶ 38) and seeks an order for Defendant to pay benefits until she is no longer disabled "or reaches the benefit termination age of the Plan." (Amended Petition at ¶ 103). Pursuant to the terms of the group Policy issued to Plaintiff's employer (a copy of the Policy is provided with the Index as Exhibit "3"), the maximum benefit period for which Plaintiff may receive benefits is until age 65 (Exhibit 3 at p. 4).
7 Amended Petition at ¶¶ 103).

to a letter to Plaintiff dated November 9, 2016.[8] As reflected in Defendant's November 9, 2016, letter to Plaintiff (copy is provided with the Index as Exhibit "4"), her Long Term Disability claim and benefits beyond 03/02/2017 were denied. Therefore, past due disability benefits from March 2, 2017, to the present total $46,728.22 (22 months X $2,124.04[9]). In addition to these benefits, Plaintiff also seeks 18% statutory interest (1.5% monthly),[10] exemplary damages, consequential damages, mental anguish and physical suffering damages, lost credit reputation damages, pre-judgment interest, and attorney's fees.[11] Plaintiff also seeks treble damages under the Texas Insurance Code and DTPA,[12] which, alone, would bring the amount in controversy over the jurisdictional amount[13] (3 X $46,728.22 past benefits = $140,184.66). At the outset, it should be noted that Plaintiff failed to comply with Tex. R. Civ. P. 47(c), which requires her to specify a bracket of damages that she seeks.

It should be noted that the Fifth Circuit follows a common-sense approach to determine whether the defendant has met its burden with respect to the amount in controversy. *See,* Roberton v. Exxon Mobil Corp., 814 F.3d 236, 240-41 (5th Cir. 2015). A court should apply common sense in determining whether the other elements of Plaintiff's damages (treble damages, exemplary damages, consequential damages, mental anguish and physical suffering damages, lost credit reputation damages, pre-judgment interest, and attorney's fees) will result in the amount in controversy being greater than $75,000. With the past benefits totaling $46,728.22, it is clear that the other damages claimed by Plaintiff will bring the total over the threshold.

---

8 Amended Petition at ¶ 17.
9 Amended Petition at ¶ 19.
10 Amended Petition at ¶¶ 88 and 101.
11 Amended Petition at ¶¶ 97 and 102.
12 Amended Petition at ¶ 100.
13 Khehra v. UNUM Life Ins. Co. of Amer., No. H-13-0104, 2013 WL 1154322 at p. 2 (S.D. Tex. Mar. 19, 2013) (copy attached).

For example, a review of some very conservative attorney's fees awards from similar cases in the Houston area reflects that common sense would dictate that the amount sought by Plaintiff for attorneys' fees, alone, would exceed even a modest $30,000, which, alone, would raise the amount in controversy over the $75,000 threshold. For example, $35,000 in attorneys' fees have been awarded in a case in which a jury awarded $33,000 in a disability insurance coverage case. Hudspeth v. Enterprise Life Ins. Co., 358 S.W.3d 373 (Tex. App. – Houston [1st Dist.] 2011, no pet.). It is "highly probable" that if Plaintiff prevails in her claims against Defendant, the amount of attorneys' fees would raise the amount in controversy over the $75,000 threshold. *See*, Omega Hospital, LLC v. Community Ins. Co., No. 14-2264 (E.D. La 2014) (copy attached). When the additional damages Plaintiff seeks (treble damages, exemplary damages, consequential damages, mental anguish and physical suffering damages, lost credit reputation damages, pre-judgment interest, and attorney's fees) are also considered, it is clear that the threshold is met under the "common sense" standard.

The past benefits and other damages asserted by Plaintiff in the Petition easily exceed the $75,000 threshold. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing Notice of Removal with the Court in the State Action.

The following is a list of counsel of record:

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

***Counsel for Defendant The Lincoln National Life Insurance Company***

Marc S. Whitehead
State Bar of Texas No. 00785238
S.D. of Texas No. 15465
Madison Tate Donaldson
State Bar of Texas No. 24105812
S.D. of Texas No. 3151467
Marc Whitehead & Associates,
Attorneys at Law L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940
Email: marc@marcwhitehead.com
Email: madison@marcwhitehead.com

***Counsel for Plaintiff Valerie Holmes***

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Pleading was forwarded by US Priority Mail, delivery confirmation requested, on the 11th day of January 2019 to the following Party:

***Counsel for Plaintiff Valerie Holmes***
Marc S. Whitehead
Madison Tate Donaldson
Marc Whitehead & Associates, Attorneys at Law L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas 77007

/ s/ Iwana Rademaekers
Iwana Rademaekers

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VALERIE HOLMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19cv00109 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S INDEX OF DOCUMENTS FOR REMOVAL**

Exhibit 1 State Court Case Detail

Exhibit 2 Documents served or filed in the state court action:

- Plaintiff's Original Petition Request for Disclosure and Jury Demand
- Citation
- Plaintiff's First Amended Petition Request for Disclosure and Jury Demand
- Citation Return

Exhibit 3 Group Long-Term Disability Insurance Policy

Exhibit 4 Defendant's November 9, 2016, letter to Plaintiff