Checkpoint Contents
Pension & Benefits Library
West Employee Benefits Cases
2013
District Court/Bankruptcy Court
March
03/19/2013

**03/19/2013, United States District Court, S.D. Texas, Houston Division., Dawinder S. KHEHRA, Individually and as Personal Representative of the Estate of Balraj K. Khehra, Plaintiff, v. UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant., 2013 WL 1154322**

**West Employee Benefits Cases**

# Dawinder S. KHEHRA, Individually and as Personal Representative of the Estate of Balraj K. Khehra, Plaintiff, v. UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant., 03/19/2013

KHEHRA v. UNUM LIFE INSURANCE COMPANY OF AMERICA

**Docket:** No. H-13-0104

**Cite:** 2013 WL 1154322

**Court:** United States District Court, S.D. Texas, Houston Division.

**Date:** 03/19/2013

**Judge:** NANCY F. ATLAS, District Judge.

**[*pg. 1]** This case is before the Court on the Motion to Remand [Doc. # 6] filed by Plaintiff Dawinder S. Khehra, to which Defendant Unum Life Insurance Company of America ("Unum") filed a Response [Doc. # 7]. Plaintiff neither filed a reply nor requested additional time to do so. Having considered the full record and applied governing legal authorities, the Court **denies** Plaintiff's Motion to Remand.

**I. *BACKGROUND***

Plaintiff alleges that his wife, Balraj K. Khehra, was covered by a life insurance policy issued by Unum. Plaintiff alleges that he filed a claim for the insurance benefits following his wife's death, and Unum failed to pay the claim.

Plaintiff filed this lawsuit in Texas state court on December 17, 2012, asserting claims under the Texas

Deceptive Trade Practices Act, Article 21.21 of the Texas Insurance Code and, alternatively, for breach of contract. Defendant was served with the summons and Plaintiff's petition on December 20, 2012. *See* Notice of Removal [Doc. # 1-1], p. 5.

Defendant filed a timely Notice of Removal [Doc. # 1] on January 14, 2013, removing this lawsuit to federal court. Defendant asserts federal subject matter jurisdiction based on a federal question, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant asserts subject matter jurisdiction also on the basis of diversity of citizenship. Plaintiff filed his Motion to Remand, which is now ripe for decision.

**II. *GENERAL REMOVAL PRINCIPLES***

" 'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush,* 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 337 (5th Cir.2004); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). " 'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " *Rasul,* 542 U.S. at 489 (quoting *Kokkonen,* 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.,* 582 F.Supp.2d 828, 832 (E.D.Tex.2008) (quoting *Howery,* 243 F.3d at 916 (citing *Kokkonen,* 511 U.S. at 377 )); *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005); *see also Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005).

**III. *DIVERSITY JURISDICTION ANALYSIS***

Federal jurisdiction based on diversity of citizenship requires complete diversity between plaintiff and defendant. *See* 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553-54 (2005); *Stiftung v. Plains Marketing, L.P.,* 603 F.3d 295, 297 (5th Cir.2010). In this case, Plaintiff is a citizen of Texas and Defendant is a citizen of Maine. Consequently, there is complete diversity between Plaintiff and Defendant.

**[*pg. 2]** Diversity jurisdiction requires also that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff argues that the amount in controversy does not exceed the jurisdictional amount because the amount of life insurance under the Unum policy was only $50,000.00. Plaintiff is seeking, however, treble damages and attorney's fees. *See* Original Petition [Doc. # 1-1], ¶ IX. As a result, the amount in controversy is at least $50,000.00 trebled, or $150,000.00. This exceeds the Court's jurisdictional amount. The Court has subject matter jurisdiction based on diversity of citizenship pursuant to § 1332, and remand is not appropriate.

**III. *CONCLUSION AND ORDER***

There exists complete diversity between Plaintiff and Defendant. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court, therefore, has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED.** The case remains scheduled for an initial pretrial conference on **April 1, 2013, at 1:30 p.m.**

S.D.Tex.,2013.

Khehra v. Unum Life Ins. Co. of America

Slip Copy, 2013 WL 1154322 (S.D.Tex.)

© 2019 Thomson Reuters/West

© 2019 Thomson Reuters/Tax & Accounting. All Rights Reserved.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMEGA HOSPITAL, LLC | CIVIL ACTION |
| VERSUS | NO: 14-2264 |
| COMMUNITY INSURANCE COMPANY | SECTION: J(4) |

**ORDER AND REASONS**

Before the Court is a motion styled *Rule 72(A) Objections to Magistrate's Order* **(Rec. Doc. 126)** filed by Plaintiff Omega Hospital, L.L.C. ("Omega") and an opposition thereto (Rec. Doc. 129) filed by Defendant Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("CIC"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

**PROCEDURAL AND FACTUAL BACKGROUND**

This matter derives from a discovery dispute between Omega and CIC. (Rec. Doc. 121.) A patient insured by CIC underwent a mastectomy at Omega Hospital. Omega alleges that CIC verified the patient's benefits and granted pre-certification before the procedure. (Rec. Doc. 1-1, at 3-4.) However, after the surgery, CIC refused to pay Omega's claims. *Id.* at 4. Omega contends that CIC is liable to Omega for $74,000. *Id.*

In March of 2015, CIC sought to depose Omega under Federal Rule of Civil Procedure 30(b)(6). (Rec. Doc. 23-1, at 2.) Pursuant to the deposition notice, Omega designated Debbie Schneck ("Ms. Schneck") as its corporate representative. (Rec. Doc. 36, at 2.) Ms. Schneck was the Hospital Administrator and was responsible for the operation of the hospital. (Rec. Doc. 121, at 2.) The first date selected for the deposition was April 21, 2015, but Omega's counsel had a conflict on that date. (Rec. Doc. 23-1, at 2.) Next, CIC's counsel suggested April 24, but Ms. Schneck was scheduled to have surgery that day. (Rec. Doc. 23-4, at 2.)

The parties could not agree on a date, and Omega did not respond to CIC's suggestion that it designate another representative. (Rec. Doc. 23-1, at 2.) Accordingly, CIC requested a discovery conference. *Id.* At the conference on March 26, the parties agreed to schedule the deposition before Ms. Schneck's surgery, on April 13. *Id.* But on April 12, Omega's counsel emailed CIC's counsel and cancelled the deposition because Ms. Schneck was ill and in pain. *Id.* On April 28, CIC filed a Motion to Compel Corporate Deposition of Omega Hospital, requesting that the Magistrate require Omega to designate another representative to be deposed. (Rec. Doc. 23.) On May 14, Magistrate Judge Karen Roby granted the motion and ordered that

the deposition would occur on or before the discovery deadline of June 15 with a qualified corporate representative. (Rec. Doc. 36, at 5.)

On June 10, five days before the close of discovery, Omega filed a Motion for Relief from Discovery Order and to Continue Discovery Deadline. (Rec. Doc. 52.) In the motion, Omega argued that Ms. Schneck would not be able to testify because she was taking narcotic pain medication due to her use of a device that assisted with recovery from knee surgery but caused extreme pain. (Rec. Doc. 121, at 3.) Judge Roby denied Omega's motion, clarifying that Omega was obligated to designate a qualified and prepared corporate representative for the deposition. *Id.* It was not required to present Ms. Schneck. *Id.* Further, the judge ordered Omega to produce a qualified representative for the deposition no later than June 30. *Id.*

Subsequently, Omega designated two corporate representatives, Shawna Johnson ("Ms. Johnson") and Angela Maher (Ms. Maher"), for deposition on Thursday, June 25. *Id.* At the deposition, the designated representatives were unable to answer questions based on the topics noticed by CIC's counsel. *Id.* That same afternoon, Omega's counsel emailed CIC's counsel, offering to designate another representative for a third deposition on the following Monday morning. (Rec. Doc. 103-5, at 2.) Omega's

counsel later clarified that it would designate Ms. Schneck as its representative and that the deposition would be conducted via Skype. (Rec. Docs. 103-6, 103-8.) CIC's attorneys were not available to conduct the deposition because of the short notice. (Rec. Doc. 103-7.) They also objected to the virtual deposition, arguing that they were entitled to take the deposition in person. *Id.*

On July 28, CIC filed a Motion for Sanctions based on Omega's noncompliance with the Court's May 14 order compelling discovery. (Rec. Doc. 103.) Before the Court decided the motion, Omega filed a Motion to Dismiss (Rec. Doc. 112) on the grounds that the cost of pursuing the claim outweighed its value. (*See* Rec. Doc. 121, at 4.) The Court granted the motion but retained jurisdiction over CIC's Motion for Sanctions. (Rec. Doc. 116.) On August 19, Judge Roby granted CIC's motion, ordering Omega to pay attorneys' fees and costs for the June 25 deposition and the preparation of the Motion for Sanctions. (Rec. Doc. 121, at 9.)

Pursuant to the Court's order, CIC filed a Motion for Attorney Fees on September 2. (Rec. Doc. 123.) Omega filed its objections to the Magistrate's order in this Court on September 8. (Rec. Doc. 126.) On September 23, CIC filed an opposition. (Rec. Doc. 129.)

**LEGAL STANDARD**

A magistrate judge's ruling on a nondispositive motion may be appealed to the district court. Fed R. Civ. P. 72(a). When objections are raised to such a motion, the district judge must consider them timely and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* Under this standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

When a party disobeys a court order to provide or permit discovery, the court may sanction the party. Fed. R. Civ. P. 37(b)(2)(A). The sanctions may consist of:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Case 2:14-cv-02264-CJB-KWR Document 130 Filed 09/24/15 Page 6 of 11

*Id.* Alternatively or in addition, the court must order the disobedient party, his attorney, or both to pay reasonable expenses and attorney fees incurred because of the noncompliance. Fed. R. Civ. P. 37(b)(2)(C). However, the disobedient party can avoid sanctions by showing that the failure was "substantially justified" or that other circumstances make the award unjust. *Id.* The court can also award the same sanctions if a party, a party's officer, or a person designated under Rule 30(b)(6) or 21(a)(4) fails to appear for a deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1), (3).

Rule 30(b)(6) provides a mechanism for deposing a corporation. The party requesting the deposition must name the corporation or entity as the deponent and "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The named organization then designates the person or persons who will testify on its behalf and specifies the topics to which each person will testify. *Id.* The corporation appears vicariously through the person testifying on its behalf. *Resolution T. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

The deponent has a duty to make a good-faith effort to designate a knowledgeable representative and to prepare the

representative so he can fully, completely, and unevasively answer questions about all of the noticed topics. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *Mike Hooks Dredging Co., Inc. v. Exkstein Marine Serv., Inc.*, No. 08-3945, 2011 WL 2559821, at *2 (E.D. La. June 28, 2011) (Berrigan, J.). The agent should be prepared to speak about matters reasonably available to the corporation, "whether from documents, past employees, or other sources." *Brazos*, 469 F.3d at 433. Because the person testifying speaks for the corporation, he must be able to testify to matters within the corporate knowledge of the deponent. *Mike Hooks Dredging*, No. 08-3945, 2011 WL 2559821, at *2.

When the agent lacks knowledge about relevant facts, the corporation has failed to designate an "available, knowledgeable, and readily identifiable witness." *Resolution T. Corp.*, 985 F.2d at 197. In such a case, the court treats the failure to designate as a failure to appear for deposition. *Id.* Thus, the court can sanction the corporation under Rule 37(d). *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). The court cannot automatically impose the most punishing sanction. *Id.* Instead, it must consider whether a lesser sanction could produce the desired effect. *Id.* If so, the court must impose the lesser sanction. *Id.*

Case 2:14-cv-02284-CJB-KWR Document 130 Filed 09/24/15 Page 8 of 11

**DISCUSSION**

In this case, CIC noticed thirty-seven deposition topics in its Notice of FRCP 30(b)(6) Deposition of Omega Hospital. (Rec. Doc. 23-2, at 3-6.) In the first deposition, Ms. Maher testified that Omega designated her as its corporate representative for all topics except for scheduling matters. (Rec. Doc. 103-10, at 5.) To prepare for the deposition, Ms. Maher testified that she reviewed Ms. Schneck's affidavit and "the Omega objections to topics and parts of the deposition of Omega Hospital." *Id.* at 5-6. She did not review the depositions of other Omega employees or documents produced by Omega during discovery. *Id.* at 6. She did not speak to anyone about her testimony, besides Omega's counsel. *Id.* Finally, she did not review Omega's petition for damages. *Id.* at 8.

As the deposition progressed, Ms. Maher revealed her lack of knowledge about several noticed topics. As Ms. Maher did not review the relevant deposition transcripts, she could not answer questions about Omega's communications with the patient, noticed topic eight. (*See* Rec. Doc. 23-2, at 5; Rec. Doc. 103-10, at 8-9.) She was unable to respond to many questions about topic eighteen, "[t]he rates charged by you for your treatment of Andrea Y." (*See* Rec. Doc. 23-2, at 5; Rec. Doc. 103-10, at 12-13, 15, 17, 19). Ms. Maher testified that Ms. Schneck was

responsible for the charged rates, but Ms. Maher did not review Ms. Schneck’s files or speak to Ms. Schneck. (Rec. Doc. 103-10, at 6, 12-13.) Counsel for Omega stated that Ms. Schneck was more qualified to testify about the charged rates, and Ms. Maher testified that Ms. Schneck possessed the relevant knowledge. *Id.* at 13, 17.

Ms. Johnson was similarly unprepared for the deposition. Ms. Johnson did not read the deposition transcripts of other Omega employees. (Rec. Doc. 103-11, at 5.) She merely reviewed the Primary Insurance Verification Sheet. *Id.* at 8. She did not speak to Ms. Schneck or anyone other than Omega’s counsel. *Id.* Ms. Johnson also lacked relevant knowledge. After reviewing her topics, she claimed she could only testify about six of them. *Id.* at 4. Upon further questioning, she revealed that she could not testify as to topic fourteen, about which she previously claimed to have knowledge. *Id.* at 12-13. Also, despite claiming knowledge about topic fifteen, she could not respond to questions on that subject. *Id.* at 13.

This case resembles *Mike Hooks Dredging*, No. 08-3945, 2011 WL 2559821. In that case, the corporate deponent failed to designate an appropriate corporate representative and repeatedly delayed its deposition. *Mike Hooks Dredging*, No. 08-3945, 2011 WL 2559821, at *3. Once the deposition was underway, the

corporation's agent "frequently stated that she did not have personal knowledge of various facts, suggesting that other individuals were better suited to testify on those issues." *Id.* at *2. The Court found that the corporation failed to prepare its witness. *Id.* In awarding sanctions, the Court considered the surrounding circumstances. *Id.* at *3. It found the corporation's repeated delays were justified because of the representative's pregnancy and "normal scheduling conflicts." *Id.* Further, the representative was able to answer most questions, but she was inadequately prepared in some areas. *Id.* Thus, the Court rejected harsher sanctions and ordered the corporate party to pay costs and fees incurred in deposing the representative. *Id.*

The deposition transcripts reveal that Ms. Maher and Ms. Johnson were able to answer questions about most of the topics noticed by CIC. However, a corporate deponent has the duty to prepare its agents to answer questions about *all* noticed topics. *See Mike Hooks Dredging*, No. 08-3945, 2011 WL 2559821, at *2. Both agents were unable to testify about matters within Omega's corporate knowledge. Because the agents lacked knowledge about relevant facts, the Court treats the failure to designate an appropriate witness as a failure to appear at the deposition. *See Resolution T. Corp.*, 985 F.2d at 197. A sanction consisting of fees and expenses incurred because of the failure is

appropriate as the least restrictive sanction. *See* Fed. R. Civ. P. 37(d)(3); *Mike Hooks Dredging*, No. 08-3945, 2011 WL 2559821, at *3. Omega's proffer of Ms. Schneck was unavailing as CIC had already incurred expenses because of Omega's failure. Based on the foregoing, Omega failed to show that the Magistrate's decision was clearly erroneous.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion **(Rec. Doc. 126)** is **DENIED**

New Orleans, Louisiana this 24th day of September, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE