**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VALERIE HOLMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19cv00109 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Petition (the "Petition") filed by Plaintiff Valerie Holmes ("Plaintiff"), and states as follows:

1. Paragraph 1 of the Petition does not contain any allegations to which Lincoln is required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 1 of the Petition.

2. Lincoln admits that Plaintiff was, at certain times, employed by Fort Bend Independent School District ("Fort Bend ISD") and that Plaintiff was, at certain times, a participant in the long term disability plan (the "LTD Plan"), which was sponsored by Fort Bend ISD. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by Group Long-Term Disability Insurance Policy No. 000010180461 (the "Policy") that Lincoln issued to Fort Bend ISD. Lincoln admits that Plaintiff is seeking recovery of disability benefits from the

LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Petition.

3. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by the Policy that Lincoln issued to Fort Bend ISD. Lincoln denies it was the Plan Administrator of the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated November 9, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Licoln denies all remaining allegations contained in Paragraph 3 of the Petition.

## I. PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

5. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Texas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in 5 of the Petition.

## II. JURISDICTION AND VENUE

6. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and that the United States District Court for the Southern District of Texas has jurisdiction over this matter and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional basis gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 6 of the Petition.

7. Lincoln admits the allegations contained in Paragraph 7 of the Petition.

## III. THE CLAIM ON THE POLICY

8. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the Policy to Fort Bend ISD with an effective date of January 1, 2014, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Petition.

9. Lincoln admits Plaintiff was, at certain times, employed by Fort Bend ISD as a Special Education Aide. Lincoln admits that documents in the claim file regarding Plaintiff's claim for benefits from the LTD Plan contain information concerning Plaintiff's date of birth, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Petition.

10. To the extent that Plaintiff is relying on documents that are not contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln refers to the claim file itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Petition.

11. Lincoln admits Plaintiff's last day at work at Fort Bend ISD was September 2, 2014. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Petition.

12. Lincoln admits Plaintiff's last day at work at Fort Bend ISD was September 2, 2014. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln

admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Petition.

13. Lincoln admits Plaintiff sought short term disability benefits from the short term disability benefit plan ("STD Plan") sponsored by Fort Bend ISD. Lincoln denies all remaining allegations contained in Paragraph 13 of the Petition.

14. Lincoln admits Plaintiff received, at certain times, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Petition.

15. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that it administered a claim for life insurance waiver of premium benefits ("LWOP"). Lincoln admits it issued the Policy to Fort Bend ISD, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 15 of the Petition.

16. Lincoln admits the allegations contained in Paragraph 16 of the Petition.

17. Lincoln admits it sent a letter to Plaintiff dated November 9, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Petition.

18. Lincoln admits it sent a letter to Plaintiff dated November 9, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Petition.

19. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain information concerning Plaintiff's salary is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Petition.

20. Lincoln admits it received a letter from Plaintiff dated April 4, 2017, along with additional documentation, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Petition.

21. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letters and documents

themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Petition.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Petition.

23. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Petition.

24. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Petition.

25. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Petition.

26. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln

specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 26 of the Petition.

## IV. MEDICAL FACTS

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Petition.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Petition.

29. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Petition.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Petition.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln

refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Petition.

32. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Petition.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Petition.

34. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Petition.

35. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Petition.

36. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Petition.

37. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Petition.

38. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Petition.

39. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 39 of the Petition.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40. Lincoln admits that occupational analysis/vocational reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 40 of the Petition.

41. Lincoln admits that physician peer reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 41 of the Petition.

42. Lincoln admits that physician peer reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 42 of the Petition.

43. Lincoln admits that physician peer reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 43 of the Petition.

44. Lincoln admits that physician peer reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to

the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 44 of the Petition.

45. Lincoln denies the allegations contained in Paragraph 45 of the Petition.

46. Lincoln denies the allegations contained in Paragraph 46 of the Petition.

47. Lincoln denies the allegations contained in Paragraph 47 of the Petition.

48. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 48 of the Petition.

49. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Petition.

50. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Petition.

51. Lincoln admits it sent a letter to Plaintiff's counsel dated March 22, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Petition.

52. Lincoln admits it issued the Policy to Fort Bend ISD, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 52 of the Petition.

53. Lincoln denies all allegations contained in Paragraph 53 of the Petition.

54. Lincoln denies all allegations contained in Paragraph 54 of the Petition.

55. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Petition.

56. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 56 of the Petition.

57. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 57 of the Petition.

58. Lincoln denies all allegations contained in Paragraph 58 of the Petition.

## VI. FIRST CAUSE OF ACTION:

**Breach of Contract**

59. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 58 of the Petition as though fully set forth in response to Paragraph 59 of the Petition.

60. Lincoln admits that Plaintiff was, at certain times, employed by Fort Bend ISD and a participant in the LTD Plan sponsored by Fort Bend ISD. Lincoln denies all remaining allegations contained in Paragraph 60 of the Petition.

61. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 61 of the Petition seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Petition.

62. Lincoln denies the allegations contained in Paragraph 62 of the Petition.

63. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated November 9, 2016, and July 11, 2017, and to Plaintiff's counsel dated March 22, 2018, and Lincoln refers to the letters themselves as the best evidence of their

contents. To the extent that the allegations contained in Paragraph 63 of the Petition seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 63 of the Petition.

64. Lincoln denies the allegations contained in Paragraph 64 of the Petition.

65. Lincoln denies the allegations contained in Paragraph 65 of the Petition.

66. Lincoln denies the allegations contained in Paragraph 66 of the Petition.

67. Lincoln denies the allegations contained in Paragraph 67 of the Petition.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code & DTPA

68. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 67 of the Petition as though fully set forth in response to Paragraph 68 of the Petition.

69. To the extent that the allegations contained in Paragraph 69 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies all remaining allegations contained in Paragraph 69 and 69 a-x of the Petition.

70. To the extent that the allegations contained in Paragraph 70 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies all remaining allegations contained in Paragraph 70 of the Petition.

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

71. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 70 of the Petition as though fully set forth in response to Paragraph 71 of the Petition.

72. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 72 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 72 of the Petition.

73. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 73 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 73 of the Petition.

74. Lincoln denies the allegations contained in Paragraph 74 and 74 a-h of the Petition.

75. Lincoln denies the allegations contained in Paragraph 75 of the Petition.

76. Lincoln denies the allegations contained in Paragraph 76 of the Petition.

77. Lincoln denies the allegations contained in Paragraph 77 of the Petition.

78. Lincoln denies the allegations contained in Paragraph 78 of the Petition.

79. Lincoln denies the allegations contained in Paragraph 79 of the Petition.

80. Lincoln denies the allegations contained in Paragraph 80 of the Petition.

## IX. FOURTH CAUSE OF ACTION

### Fraud

81. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 80 of the Petition as though fully set forth in response to Paragraph 81 of the Petition.

82. Lincoln denies the allegations contained in Paragraph 82 of the Petition.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claims

83. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 82 of the Petition as though fully set forth in response to Paragraph 83 of the Petition.

84. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 84 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 84 of the Petition.

85. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 85 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled

to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 85 of the Petition.

86. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 86 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 86 of the Petition.

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

87. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 86 of the Petition as though fully set forth in response to Paragraph 87 of the Petition.

88. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 88 of the Petition.

## XII. CAUSATION

89. Lincoln denies the allegations contained in Paragraph 89 of the Petition.

## XIII. DECLARATORY RELIEF

90. Lincoln denies the allegations contained in Paragraph 90 of the Petition.

91. Lincoln denies the allegations contained in Paragraph 91 of the Petition.

92. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies all allegations contained in Paragraph 92 of the Petition.

## XIV. ATTORNEYS' FEES

93. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with costs and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 93 of the Petition.

## XV. REQUEST FOR DISCLOSURE

94. No response is required to Paragraph 94 of the Petition, as said Paragraph makes no factual allegations but only describes a request for disclosure under the Texas Rules of Civil Procedure. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies the allegations contained in paragraph 94 of the Petition, as this suit will be governed by the Federal Rules of Civil Procedure.

## XVI. JURY DEMAND

95. To the extent that the allegations contained in Paragraph 95 of the Petition contain legal conclusions, Lincoln is not required to respond.

## XVII. KNOWLEDGE

96. To the extent that the allegations contained in Paragraph 96 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 96 of the Petition.

## XVIII. RESULTING LEGAL DAMANGES

97. - 102. No response is required to Paragraphs 97 through 102 of the Petition and the "PRAYER" Paragraph thereafter, as said Paragraphs make no factual allegations but only state the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Lincoln denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Petition.

## AFFIRMATIVE DEFENSES

1. Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

2. At all relevant times, Lincoln has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

3. Some or all of the claims asserted or relief sought by Plaintiff in the Petition are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

4. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

5. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the Policy.

6. Lincoln's actions in this matter neither breached the Texas Insurance Code nor constituted unfair methods of competition or unfair and deceptive acts or practices in the business of insurance.

7. Lincoln specifically denies that it misrepresented, suppressed, or concealed material facts to Plaintiff.

8. Lincoln denies that it was unjustly enriched or breached any duty owed to Plaintiff.

9. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

10. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

11. Plaintiff has failed to comply with the 60-day notice requirements contained in the Texas Deceptive Trade Practices Act, Section 17.505 and the Texas Insurance Code, Section 541.154.

12. Plaintiff's claims are barred to the extent the Petition was not filed within the Policy or statutory limitations period.

13. Plaintiff has failed to provide adequate proof of loss under the Policy.

14. The damages asserted by Plaintiff were the result of Plaintiff's own actions and/or Plaintiff failed to mitigate damages.

15. Lincoln was not the proximate cause of the damages asserted by Plaintiff.

16. Plainitff has failed to exhaust required administrative remedies regarding Plaintiff's claim for LWOP benefits.

17. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 18th day of January 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

Madison Tate Donaldson
Email: madison@marcwhitehead.com

January 18, 2019
Date

/s/ Iwana Rademaekers
Iwana Rademaekers