**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VALERIE HOLMES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-CV-00109** |
| | § | |
| | § | |
| **THE LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT**
**PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

Counsel for Plaintiff Valerie Holmes, Madison Donaldson, and counsel for Defendant The Lincoln National Life Insurance Company, Iwana Rademaekers, participated in a telephone conference meeting on March 6, 2019.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3. **Briefly describe what this case is about.**

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks disability benefits under a group benefits program ("Plan") in which Plaintiff was a participant as a result of his employment. Lincoln, as the claims administrator for the benefits under the Plan, denied Plaintiff's claim for benefits under the terms of the Plan.

4. **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this matter pursuant to 29 U.S.C. §1132(c) in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29

U.S.C. Sec. 1001, et seq. as Plaintiff seeks benefits under an ERISA employee welfare benefit plan

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated.

**7. List anticipated interventions.**

None anticipated.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff asserts that initial disclosures are appropriate and will complete disclosures within the time frame required by the Rules. Defendant served its initial disclosures on February 6, 2019.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

**Plaintiff's Contentions:** Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under Section 1701.062(a) of the Texas Insurance Code and 28 TAC §§3.1201 - 3.1203 (2013), as well as upheld in *Ariana M. v. Humana Health Plan of Texas, Inc*., No. 16-20174 (5th Cir. 2018). Therefore, this Court should review this matter under a *de novo* standard of review.

In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013). Therefore, Plaintiff seeks discovery on any and all

materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy.

Further, the Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Additionally, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011). In using the words "existence and extent of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

Specifically, Plaintiff seeks discovery on evidence of complex medical questions, the credibility of medical experts, plan interpretation questions, impartiality of administrator, procedural violations, and where there is little or no evidentiary record. This may include compensation incentives, failure to consider all evidence, including subjective complaints, SSDI awards, worker compensation awards, etc., goals or stated expectations of claim denial rates, use of bias outside vendors (medical reviewers), independence of those reviewers, and whether review of Plaintiff's benefit claim was full, fair, and impartial. Further, Plaintiff seeks discovery on whether communications with the claimant and third party reviewers was transparent, whether Defendant conducted peer to peer consultations to ensure claimant's physicians were given opportunity to provide input to decision, the size of the pool of independent reviewers, compensation of reviewers tending to show financial dependence, and evidence of the Defendant conducting annual internal audits of its reviewers evaluating whether the reviewers are meeting the expectations set forth by the administrators.

**Defendant's Contentions:** Plaintiff relies on the U.S. Supreme Court decision in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343 (2008) and Crosby v. Louisiana Health Service, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011) to support the contention that a larger scope of discovery now applies to ERISA administrative review cases when the abuse of discretion standard applies. It is correct that Glenn states that, "when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." Glenn, 128 S.Ct. at 2351. However, such consideration is already part of the review under the abuse of discretion standard that is mandated by the Fifth Circuit in Vega v. National Life Ins. Services, Inc., 188 F.3d 287 (5th Cir. 1999). As recognized in a post-Glenn decision, the Fifth Circuit has indicated that the Supreme Court's treatment of the conflict analysis in Glenn is "closely aligned" with the "sliding scale" approach that the Fifth Circuit required before Glenn. Dunn v. GE Group Life Assurance Co., 2008 WL 3842929 at n.2. (5th Cir. August 18, 2008). See also, Holland v. International Paper Co., Retirement

Plan, 576 F.3d 240, 248 (5th Cir. 2009) ("much of our 'sliding scale' precedent is compatible with the Supreme Court's newly clarified "factor" methodology, and Glenn does not supersede that precedent to the extent it reflects the use of a conflict as a factor that would alter the relative weight of other factors"). Accordingly, the cases in which the Court had considered such issues before Glenn was decided continue to offer substantial guidance after Glenn. Moreover, Glenn's "tiebreaker" language raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Liberty's decision on Plaintiff's claim. In Glenn, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." Glenn, 128 S.Ct. at 2351. The Fifth Circuit has interpreted that language to find that when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Dutka v. AIG Life Ins. Co., 2009 WL 1800139 at n. 6 (5th Cir. June 24, 2009) ("in light of the evidence supporting the plan administrator's decision, the conflict of interest is not a 'tiebreaking' factor."); Sanders v. UNUM Life Ins. Co. of Amer., 2008 WL 5391909 (5th Cir. Dec. 29, 2008); Carter v. Nationwide Mutual Ins. Co., 2009 WL 2029896 (5th Cir. July 10, 2009) (use of conflict as "tiebreaker" determined to be unnecessary). That discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." Conkright v. Frommert, --- U.S. ----, 130 S.Ct. 1640, 1646 (2010), *citing* Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA. In sum, there is no language in Glenn or Crosby that suggests that the scope of discovery into conflict issues has been broadened beyond what was already permitted in the Fifth Circuit under Vega.

Liberty Life disputes that the standard of review in this case is de novo, as Section 1701.062(a) of the Texas Insurance Code does not apply because the policy was not issued in Texas (the governing jurisdiction is Missouri). However, if the Court were to find that this case should be considered under the de novo standard of review, issues regarding any "taint" of Defendant's decision on Plaintiff's claim would be irrelevant, as the Court would be making its own decision based on the administrative record, with only the additional circumstances for additional evidence prescribed in Vega. Ariana M. v. Humana Health Plan of Texas, Inc., No. 16-20174 (5th Cir. 2018).

Subject to the above contentions, the parties will exchange initial disclosures as requested by Rule 26(a) and do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. Subject to Defendant's objection to discovery in this matter, the parties would agree to the following discovery plan:

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to Defendant by July 5, 2019.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant will send interrogatories to Plaintiff by July 5, 2019.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

None at this time.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

None at this time.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide their reports by September 13, 2019.
Defendant will designate experts and provide their reports by September 27, 2019.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not known at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not known at this time.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties' views are described above.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None to date.

**13. State the date the planned discovery can reasonably be completed.**

October 18, 2019.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe settlement is a possibility and have engaged in settlement discussions.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has submitted a settlement demand to Defendant, who is reviewing.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties agree mediation would be appropriate if the parties cannot resolve this case on their own.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A jury trial is not allowed under ERISA.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff believes 8 hours are needed to present the evidence in this case, especially in light of the necessity for Plaintiff to elicit testimony and produce evidence regarding any conflict of interest. *Vega*, 188 F.3d at 299. Defendant anticipates that it will take 8-12 hours to present the evidence in this case, if it is not resolved through cross motions for summary judgment.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No motions are currently pending.

**21. List other motions pending.**

No motions are currently pending.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None that the parties are aware of at this time.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Marc S. Whitehead
State Bar No. 00785238
Fed. I.D. No. 15465
Madison Tate Donaldson
Tex. Bar No. 24105812
Fed. I.D. No. 3151467
403 Heights Blvd
Houston, Texas 77007
Telephone: 713-228-8888
Attorneys for Plaintiff

Attorney for Defendant

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorney for Defendant

/s/ Madison T. Donaldson ____________________
Madison T. Donaldson
403 Heights Blvd
Houston, Texas 77007
Telephone: 713-228-8888

Attorneys for Plaintiff

____________________
Date

/s/ Iwana Rademaekers ____________________
Iwana Rademaekers

____________________
Date

State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2019, I electronically filed the foregoing document with the clerk of the court for the U. S. District Court for the Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "notice of Electronic Filing" to all associated parties

_/s/ Madison Tate Donaldson____________
Madison Tate Donaldson